No. 288

LETTA v. CINCI. IRON & STEEL CO.

U. S. Court of Appeals, Sixth Circuit

No. 3664. Dec. 19, 1922

285 Fed. 707

APPEAL AND ERROR—(1) Implied finding of facts, in verdict directed on motions of both parties, not reviewable, if supported by any evidence—(2) Question for review, where verdict is directed after motions by both parties. ESTOPPEL—(3) One party, who permits the other to act on misconstruction of the contract, is bound by it—(4) When need not be pleaded.

DENISON, J.

Epitomized Opinion

Letta, a resident of Italy, brought a suit in a U. S. District Court against the defendant company to recover commissions earned by him in the sale in Italy of machines made by the latter company. Plaintiff claimed in his petition that there was an express contract to pay him a certain commission or to allow him a discount from the stated price whereby he was entitled to a certain margin of profit. The evidence showed that the dealings between the parties contemplated only a purchase by the plaintiff from the company and that no agency relationship existed. However, it also appeared that defendant knew that Letta misunderstood the offer and had interpreted it as an offer to pay commissions out of the quoted prices. It also appeared that the defendant accepted orders from Letta for 122 machines by cablegram, and did not advise him of the true situation until later by a letter. At the conclusion of the trial each party requested an instructed verdict, and neither one accompanied this motion with any special or alternative requests. As the court held for defendant, plaintiff prosecuted error. In reversing the judgment, the court held:

1. Where each party moves for directed verdict, any general finding of facts necessarily implied in the verdict directed is not reviewable, if supported by any substantial evidence.

2. Where, after motion by each party for directed verdict, a verdict was directed for defendant, the question on review is whether plaintiff was entitled to an instructed verdict in his favor to any extent and on any theory raised by the pleadings.

3. A party to a contract, who knows that the other party is acting under a misconstruction, but permits that action to go on prejudicially, is bound by that misconstruction.

4. Where an action is based on a contract, express or implied, facts which estop defendant to deny the construction of the contract claimed go to proof of the contract, and need not be pleaded as an estoppel.

Attorneys—Goodhart, Swing, etc., for plaintiff in error; Dinsmore, etc., for defendant in error.

No. 289

MAURER CO., INC., v. TUBELESS TIRE CO.

U. S. Court of Appeals, Sixth Circuit

No. 3659. Dec. 1922

225 Fed. 713

SALES—(1) Government regulations preventing performance held to terminate contract and not to extend time for delivery—(2) Could not require acceptance of a lump quantity to apply on past due installments.

DONAHUE, J.

Epitomized Opinion

This was an action by the Maurer Co. to recover damages for breach of two contracts. Both contracts were made during the period that the United States was at war with the central powers of Europe. The contract of May 3, 1918, provided that the defendant agreed to buy rubber of the plaintiff to be delivered in equal monthly quantities in the months specied. It also provided that the contract would be subject to all rules and regulations imposed by the U. S. The second contract of May 14, 1918, provided for the delivery of rubber from the East Indies on certain specified months of that year. This contract also provided that it would be subject to all rules and regulations imposed by the U. S. and that the buyer would furnish seller with manufacturing import license. Four days after the making of the first contract, the government prohibited the importation of any new rubber for delivery to private customers unless such customer obtained an allocation certificate from the War Industries Board. As the defendant could not procure such an import license, only small deliveries were made by plaintiff at irregular intervals. In Sept. 28, 1918, the defendant refused to accept one of these shipments. In April, 1919, the plaintiff tendered to the defendant the balance of the rubber due on both contracts. As the price of rubber was then much lower, the defendant refused to accept. The plaintiff then sued claiming that the war merely operated to postpone performance, while the defendant claimed that the war terminated the contract. The parties, in writing, waived a jury and the court found for defendant. The plaintiff then prosecuted error to the U. S. circuit court, which in sustaining the lower court held:

1. Where the war regulations, which were anticipated by both parties, prevented delivery of all but a small and inconsequential part of the rubber at the time stipulated, the effect was to terminate the contracts, and not merely to postpone delivery.

2. Where, by reason of such regulations, the seller was in default for failure to deliver several monthly installments due under the contracts, and necessary to keep the buyer's factory in operation, the latter could not be required thereafter to accept delivery of a lump quantity to apply on such past due installments.

Attorneys—Willis Bacon, for plaintiff; Clan Crawford, for defendant.